**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

WILLIAM JEROME BIBBS,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 12-CR-20332
CIVIL CASE NO. 16-CV-11681

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255,**
**AND RESPONDENT'S MOTION TO DISMISS MOTION TO VACATE SENTENCE**
(Docs. 111, 116)

## I.  RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Petitioner's Motion Vacate Sentence (Doc. 111) be **DENIED,** that Respondent's motion to dismiss the motion to vacate (Doc. 116) be **GRANTED**, and that the civil case be **DISMISSED**.

## II.  REPORT

### A.  Introduction

On December 17, 2012, Petitioner pleaded guilty to Counts 1, 3 and 5 of the indictment charging conspiracy to commit bank robbery, and two counts of using or carrying a firearm during and in relation to a crime of violence, i.e., bank robbery in violation of 18 U.S.C. §§ 371, 2113(a) and 924(c). (Doc. 66.) On May 3, 2013, judgment was entered and Petitioner was sentenced to 60 months on Count 1 and seven years on Count 3, and 76 months on Count 5, all to be served consecutively for a total of 220 months incarceration. (Doc. 83.) Petitioner did not file an appeal. On May 6, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28

U.S.C. § 2255 arguing that his constitutional rights were violated by imposition of an improper sentence "in light of the Supreme Court's decisions in Johnson v United States, 576 U.S. ___ (2015), as Conspiracy to Commit Robbery is not a violent crime, as the Residual Clause is materially identical to the language set forth at 18 U.S.C. 924(c)(3)(B). As such, there is no 'violent' crime to allow convictions under 924(c)." (Doc. 111 at ID 648.) On June 6, 2016, Respondent filed a motion to dismiss Petitioner's motion to vacate (Doc. 116) arguing that Petitioner waived his right to file a §2255 motion in the relevant plea agreement, that his §2255 motion is untimely under §2255(f)(1) and (f)(3), because the Armed Career Criminal Act ("ACCA") is not implicated in this case and because *Johnson* and its progeny do not invalidate Petitioner's convictions since armed robbery is a crime of violence as defined under §924(c). (Doc. 116.) All the motions have been referred to the undersigned. (Docs. 113, 117.) Therefore, these motions are ready for Report and Recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

### B. Analysis and Conclusion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), established a one-year statute of limitations on 2255 petitions, which begins to run on the latest of four possible dates. 28 U.S.C. § 2255(f). It usually runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a 2255 petitioner does not file an appeal, the judgment of conviction is final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002). According to Federal Rule of Appellate Procedure 4(b)(1), a defendant has fourteen days from the entry of judgment to file

a notice of appeal. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013). Petitioner did not file a direct appeal and judgment was entered on May 3, 2013. Therefore, Petitioner's judgment became final on May 17, 2013, so Petitioner should have filed the motion by May 17, 2014.

However, the one-year period can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Although Petitioner believes that *Johnson* and its progeny are applicable, these cases are inapposite.

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA's) residual clause, i.e., the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); accord, *In Re Watkins*, 810 F.3d 375, (6th Cir. 2015).

The Sixth Circuit has held that since the United States Sentencing Guidelines (USSG) § 4B1.2 also contains a residual clause that is identical in wording to the residual clause in the ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016). The United States Supreme Court has granted certiorari in *Beckles v. United States*, to decide whether the *Johnson* holding applies to the residual clause of the career offender sentencing guidelines, and if so, whether it should apply retroactively on collateral review. 136 S. Ct. 2510.

However, there is no Supreme Court precedent establishing a newly recognized right that has been made retroactively applicable to cases on collateral review that would assist Petitioner. 28 U.S.C. § 2255(f)(3). Petitioner was not sentenced under the ACCA or the equivalent language in the career offender sentencing guideline provision. Instead, Petitioner was charged and convicted, via guilty plea, of using or carrying a firearm during and in relation to a crime of violence, i.e., bank robbery in violation of 18 U.S.C. § 924(c). (Doc. 66.)

The Sixth Circuit has held that the *Johnson* void-for-vagueness conclusion does not apply to convictions under § 924(c)(3). In *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), the court noted "several factors" that "distinguish the ACCA residual clause from § 924(c)(3)(B)." *Id*. at 376. "First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury" because force is more definite than the risk of physical injury to a victim. *Id*. at 376. In addition, § 924(c)(3)(B) requires that the risk of physical force arise "in the course of committing the offense" and it requires that "the felony be one which 'by its nature' involves the risk that the offender will use physical force." *Id*. at 377. The court also noted that § 924(c)(3)(B) does not permit a "court to consider risk-related conduct beyond that which is an element of the predicate crime" nor does its requirement that physical force be "used in the course of committing the offense" permit "inquiry into conduct following the completion of the offense." *Id*. Instead, "the force msut be used and the risk must arise in order to effectuate the crime" in contrast to the ACCA provision which allows courts to consider "'physical injury [that] is remote from the criminal act,' a consideration that supported the Court's vagueness analysis in *Johnson*." *Id*.

4

"Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B)." *Id*. at 376. "Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B)." *Id. Taylor* has been cited with favor by other Circuit Courts. *See, e.g., United States v. Prickett*, ___ F.3d ___, 2016 WL 5799691 (8th Cir. Oct. 5, 2016); *United States v. Hill*, 832 F.3d 135 (2nd Cir. 2016).

Petitioner cannot claim that there is even Sixth Circuit precedent, let alone United States Supreme Court precedent that has been recognized and has been made retroactively applicable to his conviction under § 924(c)(3). I note that even if the motion were timely, recent district court cases have held that armed robbery without a doubt constitutes a crime of violence such that a Defendant who uses a firearm during and in relation to a bank robbery has been properly convicted under § 924(c)(3) regardless of the Supreme Court holding in *Johnson* and its progeny. *Moore v. United States*, No. 2:16-cv-598, 2016 WL 6561304 (S.D. Ohio Nov. 4, 2016); *Murphy v. United States*, No. 2:16-cv-560, 2016 WL 4886935 (S.D. Ohio Sept. 14, 2016).

Accordingly, I suggest that there is no precedent which would save Petitioner's otherwise untimely filed motion to vacate sentence. §2255(f)(3). I thus recommend that Respondent's motion to dismiss be granted on this ground. Since I suggest the motion to dismiss should be granted (Doc. 116), I further recommend that the motion to vacate be denied. (Doc. 111.)

### III.  REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 18, 2017         S/ PATRICIA T. MORRIS
                               Patricia T. Morris
                               United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to William Jerome Bibbs #47202-039 at Butner Federal Medical Center, Inmate Mail/Parcels, P.O. Box 1600, Butner, NC 27509

| | |
|---|---|
| Date: January 18, 2017 | By s/Kristen Castaneda<br>Case Manager |