UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/ Respondent,    Case No. 12-cr-20332-03

v    Honorable Thomas L. Ludington

WILLIAM JEROME BIBBS,

    Defendant/ Petitioner.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTION TO VACATE SENTENCE, AND GRANTING GOVERNMENT'S MOTION TO DISMISS**

On May 16, 2012 an indictment was issued charging Petitioner William Jerome Bibbs with five counts arising out of a series of armed bank robberies. *See* ECF No. 28. On December 17, 2012, Defendant Bibbs pleaded guilty to one count of conspiring to commit bank robbery in violation of U.S.C. § 371 (Count 1) and two counts of using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Counts 3 and 5). On April 23, 2013, he was sentenced to 60 months' imprisonment for Count 1, seven years for Count 3, and 76 months for Count 5, to run consecutively. Judgment was entered on May 5, 2013. *See* ECF No. 83. Bibbs did not appeal.

Over three years later, on May 6, 2016, Petitioner Bibbs filed his current motion to vacate pursuant to 28 U.S.C. § 2255. The single ground raised by Bibbs is asserted as follows:

> Movant's sentence for two (2) 18 U.S.C. 924(c) crimes must be VACATED, in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S.____ (2015), as Conspiracy to Commit Robbery is not a violent crime, as the Residual Clause is materially identical to the language set forth at 18 U.S.C. 924(c)(3)(B). As such, there is no 'violent' crime to allow convictions under 924(c).

*See* ECF No. 111. Bibbs's motion was referred to Magistrate Judge Patricia T. Morris. *See* ECF No. 113. On June 6, 2016 Respondent moved to dismiss Bibbs's petition. *See* ECF No. 142. On January 18, 2017 the magistrate judge issued her report, recommending that Bibbs's motion to vacate be denied. *See* ECF No. 142. The magistrate judge reasoned that *Johnson* was inapplicable to Bibbs's conviction and sentence for armed robbery under § 924(c). After obtaining an extension, Bibbs filed five objections on February 22, 2017. *See* ECF No. 149.

I.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

A.

In his first three objections, Bibbs generally objects that the magistrate judge erred in determining that his petition was untimely, and erred in finding *Johnson* inapplicable to his conviction and sentence. A motion seeking relief under § 2255 is untimely if it is not filed within a 1-year period of limitation. 28 U.S.C. § 2255(f). That limitation period shall run from the latest of

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)–(4). Bibbs's petition was filed over a year after his conviction became final under § 2255(f)(1). His petition does not allege that he was delayed by any governmental action under § 2255(f)(2), and his petition is not based on any newly discovered facts under § 2255(f)(4). Therefore, his petition is only timely if Bibbs asserts some right newly recognized by the Supreme Court and made retroactively applicable on collateral review.

**B.**

While it is true that the Supreme Court in *Johnson* and its progeny established a newly recognized right made retroactively applicable on collateral review, *Johnson* is inapplicable to Bibbs's conviction and sentence. In *Johnson* the United States Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague in violation of the due process clause of the Fifth Amendment. *Id*. The ACCA provides an enhanced penalty for persons who violate § 922(g) and have three previous convictions for a violent felony or serious drug offense, or both. The offending provision, 18 U.S.C. § 924(e)(2)(B)(ii), broadly defines violent felony as "burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another…." *Id*. (emphasis added).

Bibbs was not sentenced under the ACCA, but under 18 U.S.C. § 924(c). Under § 924(c)(ii), any person who brandishes a firearm during and in relation to a crime of violence shall be sentenced to a term of imprisonment of not less than seven years in addition to the punishment provided for the underlying crime. "Crime of violence" is defined as a felony offense that

>  (i) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
>
>  (ii) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (emphasis added).

In *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), the Sixth Circuit rejected an argument that the Supreme Court's reasoning in *Johnson* applied to penalties under 18 U.S.C. § 924(c). Underlying this decision was a finding that § 924(c)(3)(B) is distinctly narrower than the ACCA's residual clause. *Id*. at 376. The Sixth Circuit also noted that, unlike the ACCA residual clause, § 924(c)(3)(B) is not linked to a confusing set of examples, and, unlike the ACCA residual clause, there is no documented history of confusion with respect to § 924(c)(3)(B). *Id*. Binding Sixth Circuit precedent thus holds that *Johnson* is inapplicable to the facts of Bibbs's case. Because *Johnson* is inapplicable to his case, his objection to the magistrate judge's finding that his claim is untimely is without merit.

Moreover, even if the reasoning in *Johnson* applied to the language of § 924(c)(3)(B)(ii), *Johnson* would still be inapplicable. Bibbs was convicted for using and carrying a firearm in connection with the commission of a bank robbery. Bibbs's conviction therefore had as an element the threatened use of physical force against the person or property of another, and thus falls within the parameters of § 924(c)(3)(B)(i). *See United States v. Armour*, 840 F.3d 904 (7th

Cir. 2016) (holding that "the federal crime of attempted armed bank robbery qualifies as a crime of violence under the 'elements' clause of the definition, which is not unconstitutionally vague."); *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016) (holding that a conviction for brandishing a weapon in connection with a bank robbery falls within the 'elements' clause of § 924(c)(3)(B) and qualifies as a crime of violence).

Because Bibbs has not identified any right newly recognized by the Supreme Court and made retroactively applicable on collateral review relevant to his conviction and sentence, his motion to vacate is untimely. Bibbs's first, second and third objections will therefore be overruled.

### C.

In his fourth and fifth objections, Bibbs argues that he should not have been sentenced for possessing a gun because he did not possess a gun, and argues that his consecutive sentences constituted a violation of double jeopardy. Bibbs did not raise these arguments in his original petition. He therefore waived these arguments, and cannot raise them for the first time in objections to a report and recommendation. Moreover, these arguments fall far outside of the one-year statute of limitations established by § 2255(f), as the arguments do not rely on any newly discovered evidence or new rule of constitutional law made retroactively applicable on collateral review. These objections will therefore be overruled as well.

### II.

Before a petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits,

the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Bibbs has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Bibbs should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### III.

Accordingly, it is **ORDERED** that Defendant Bibbs' objections, ECF No. 149, are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 142, is **ADOPTED**.

It is further **ORDERED** that the Government's motion to dismiss, ECF No. 116, is **GRANTED**.

- 7 -

It is further **ORDERED** that Petitioner Bibbs's motion to vacate, ECF No. 111, is **DISMISSED with prejudice.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 28, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 28, 2017.

s/Michael A. Sian  
MICHAEL A. SIAN, Case Manager

---