UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/ Respondent,    Case No. 12-cr-20332

v    Honorable Thomas L. Ludington

D-3 - WILLIAM JEROME BIBBS,

    Defendant/ Petitioner.

_____/

**ORDER CONSTRUING MOTIONS FOR PERMISSION TO FILE PETITION AS MOTIONS FOR LEAVE TO AMEND, AND DENYING MOTIONS**

On May 16, 2012 an indictment was issued charging Petitioner William Jerome Bibbs with five counts arising out of a series of armed bank robberies. *See* ECF No. 28. On December 17, 2012, Defendant Bibbs pleaded guilty to one count of conspiring to commit bank robbery in violation of U.S.C. § 371 (Count 1) and two counts of using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Counts 3 and 5). On April 23, 2013, he was sentenced to 60 months' imprisonment for Count 1, seven years for Count 3, and 76 months for Count 5, to run consecutively. Judgment was entered on May 5, 2013. *See* ECF No. 83. Bibbs did not appeal.

Over three years later, on May 6, 2016, Petitioner Bibbs filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence was rendered unconstitutional by the Supreme Court's decision *Johnson v. United States*, 576 U.S.____ (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague in violation of the due process clause of the Fifth Amendment). *See* ECF No. 111. Bibbs's motion was referred to Magistrate Judge Patricia T. Morris. *See* ECF No. 113. On January 18, 2017 the magistrate

judge issued her report, recommending that Bibbs's motion to vacate be denied. *See* ECF No. 142. The magistrate judge reasoned that *Johnson* was inapplicable to Bibbs's conviction and sentence for armed robbery under § 924(c). On February 28, 2017, the report was adopted by this Court over Bibbs's objections, Bibbs's petition was dismissed, and judgment was entered. *See* ECF No. 150.

On March 17, 2017, over two weeks after dismissal of and entry of judgment on Bibbs's May 6, 2016 petition, our Clerk's Office docketed a motion filed by Bibbs for permission to file a second petition under § 2255. *See* ECF No. 158. The docket filing was backdated to February 21, 2017, which is the date that Bibbs's motion was received by the Sixth Circuit Court of Appeals. The Sixth Circuit apparently transmitted the filing to this Court on March 8, 2017. Bibbs's motion seeks permission to file a second § 2255 petition raising sentencing errors, double jeopardy claims, and jurisdictional issues. *See* ECF No. 158. Bibbs then filed a substantively identical motion seeking permission to file a second § 2255 petition on March 22, 2017. *See* ECF No. 159.

**I.**

Normally, this Court does not have jurisdiction to review any second or successive § 2255 absent Sixth Circuit certification. *See* § 2255(h); *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). However, where a second habeas petition is filed before final adjudication of the initial petition, courts generally construe the second petition as a motion to amend the first petition. *See e.g., Woods v. Carey*, 525 F.3d 886, 889–90 (9th Cir. 2008) (when a pro se petitioner files a second § 2254 motion before the district court rules on the petitioner's first § 2254 motion, the second motion should be construed as a motion to amend the first); *Ching v. United States,* 298 F.3d 174, 177 (2d Cir. 2002) ("when a § 2255 motion is filed before adjudication of an initial §

2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion"); *United States v. Williams,* 185 F. App'x. 917, 919 (11th Cir. 2006) (holding the same); *United States v. Sellner*, 773 F.3d 927, (8th Cir.2014) (joining the circuits holding that when a pro se petitioner files a second § 2255 motion while the first § 2255 motion is still pending before the district court, the second motion should be construed as a motion to amend); *Motley v. Rapelje*, WL 4905610, at *1 (E. D. Mich. Oct. 13, 2011) ("If a pro se habeas corpus petition is filed while an earlier petition is still pending in the district court, the district court must construe the second petition as a motion to amend the first petition.").

While Bibbs' motion for leave to file a second petition was not actually received by this Court until after the entry of final judgment on the first petition, Bibbs technically filed the first motion for leave to file prior to final adjudication on his first § 2255 petition. Therefore, because the motion was technically filed while his first petition was pending, both of his substantially similar motions will be treated as motions for leave to amend.

**II.**

A motion seeking relief under § 2255 is untimely if it is not filed within a 1-year period of limitation. 28 U.S.C. § 2255(f). That limitation period shall run from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)–(4).

Bibbs's previously filed petition was not timely under § 2255(f)(1), as it was filed over one year after his judgment became final. Bibbs argued that the his claim was timely under § 2255(f)(3) because the Supreme Court in *Johnson* recognized a new right that was made retroactively applicable on collateral review. However, because his conviction under § 924(c) was not implicated by *Johnson*, his petition was dismissed as untimely.

Bibbs has not identified any argument as to how his newly proposed claims could satisfy the one year statute of limitations set forth in § 2255(f). Over a year has passed since his judgment became final under § 2255(f)(1), he has not identified any government-created impediment under § 2255(f)(2), he has not identified any right newly recognized by the Supreme Court and made retroactively applicable on collateral review under § 2255(f)(3), and his petition is not based on any newly discovered facts under § 2255(f)(4). Because Bibbs's proposed claims are barred by the statute of limitations, his motions for leave to amend will be denied. Judgment will stand as entered. *See* ECF No. 151.

## II.

Accordingly, it is **ORDERED** that Defendant Bibbs's motions to file petition under 28 U.S.C. § 2255, ECF Nos. 158 & 159, are **CONSTRUED** as motions for leave to amend his previous § 2255 petition.

It is further **ORDERED** Bibbs's motions to amend, ECF Nos. 158 & 159, are **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 30, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager