UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                        Case No. 12-20332-03

v.                                          Honorable Thomas L. Ludington

WILLIAM BIBBS,

               Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE
WITH PREJUDICE**

On May 16, 2012 Defendant was indicted by a grand jury for one count of conspiracy to commit bank robbery, two counts of aiding and abetting armed bank robbery, and two counts of aiding and abetting use of a firearm during a crime of violence. ECF No. 28. He pled guilty to one count of conspiracy to commit bank robbery, two counts of using a firearm during a crime of violence. ECF No. 83. He was sentenced to 60 months incarceration for Count I, seven years for Count III, and 76 months for Count V, to be served consecutively. He is currently housed at FCI Butner.

Defendant, through counsel, filed a motion for compassionate release due to the spread of COVID-19 on July 1, 2020. ECF No. 173. His motion was denied without prejudice for failure to exhaust his administrative remedies with the BOP. ECF No. 174. On January 27, 2021, Defendant filed an amended motion for compassionate release. ECF No. 184. The Government timely responded. ECF No. 186. For the following reasons, Defendant's Motion will be denied.

**I.**

The United States is facing an unprecedented challenge with the novel coronavirus ("COVID-19") pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. June 2, 2020).

On April 30, 2020, Defendant's request for compassionate release was denied by the BOP. ECF No. 184-5 at PageID.1080. Accordingly, he has exhausted his administrative remedies.

## B.

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant brings this motion on his own behalf, with the assistance of counsel, § 1B1.13 is "inapplicable," and "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether

an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." U.S.S.G. § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See Jones*, 980 F.3d at 1102 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See*, *e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See Elias*, 984 F.3d at 520. Under the two-part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[1] *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth

---

[1] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 984 F.3d at 521 n.1.

- 4 -

Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at 521.

Defendant suffers from sarcoidosis, a chronic liver disease, and hypertension. ECF No. 184 at PageID.1054, 1060. He explains that at the time of his sentencing, he was only given four years to live. *Id.* at PageID.1059. He also states that he needs a liver transplant but is ineligible while in prison. *Id.* at PageID.1061.

The Government argues that Defendant does not suffer from medical conditions that increase his risk for severe illness from COVID-19. ECF No. 186 at PageID.1121. However, it also admits that he suffers from "sarcoidosis, hypertension, cholangitis and esophageal varices." *Id.* at PageID.1111. The CDC provides that liver disease and hypertension may increase an individual's risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/48WC-PZ7R] (last visited Mar. 19, 2021). Further, three inmates and three staff members currently have COVID-19 at Butner Medium II FCI, and 435 inmates and 20 staff have since recovered. *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus [https://perma.cc/6MCP-KUAH] (last visited Mar. 25, 2021).

Defendant suffers from at least two chronic conditions that potentially increase his risk of severe illness from COVID-19. Even though there are less than 10 inmates with COVID-19 at Butner Medium II FCI currently, it appears the BOP has not begun vaccinations at the facility. Defendant has demonstrated extraordinary and compelling reasons for compassionate release.

## C.

As stated previously, there is no "applicable policy statement" in this case because Defendant, not the BOP, has moved for compassionate release. Consequently, step two of the § 3582(c)(1)(A) analysis is skipped, and the final issue is whether a sentence reduction is warranted by the applicable factors set forth in § 3553(a). *See Jones*, 980 F.3d at 1111. The factors are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "District judges maintain an 'obligation to provide reasons' in both sentencing-modification decisions, and traditional sentencing decisions." *Jones*, 980 F.3d at 1112 (citations omitted).

> District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision. But as long as the record as a whole demonstrate

that the pertinent factors were taken into account by the district court, a district judge need not specifically articulate its analysis of every single § 3553(a) factor.

*Id.* at 1114 (internal quotations and citations omitted).

Defendant's brief focuses almost exclusively on his medical conditions. His only argument regarding the § 3553(a) factors is that he "has not received any disciplinary infractions or misconduct tickets at FCI Butner" and has worked and taken educational classes while in prison. ECF No. 184 at PageID.1060; ECF No. 184-10. In response, the Government explains Defendant was the getaway driver for two armed robberies in Michigan in 2012. ECF No. 186.

According to Defendant's Presentence Investigation Report, his criminal history includes breaking and entering, domestic violence, resisting arrest, felon in possession of a firearm, home invasion, and resisting and obstructing (as a result of a 100-mph high speed chase). Defendant has only served about 45% of his custodial sentence. He has a history of violent offenses, in addition to his active participation as the getaway driver in two armed robberies. Defendant's educational course work is to be commended. However, his repeated disregard for the law demonstrated by his continued participation in violent crime suggests that the remainder of his sentence should be served "to promote respect for the law" and "afford adequate deterrence." *See* 18 U.S.C. §§ 3553(a)(1)(A)–(B). Accordingly, Defendant's Amended Motion for Compassionate Release will be denied.

## II.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 184, is **DENIED WITH PREJUDICE**.

Dated: March 26, 2021                    s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney of record herein by electronic means and to William
Bibbs #47202-039, FCI Butner Medium II, FEDERAL
CORRECTIONAL INSTITUTION, P.O. BOX 1500, BUTNER,
NC  27509 by first class U.S. mail on March 26, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager